# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BLAINE D. GUNDERSON,<br><br>Plaintiff,<br>vs.<br><br>BRIAN K. GUNDERSON, Individually, and GUNDERSON'S COMPANIES, INC., an Iowa Corporation,<br><br>Defendants. | No. C 13-4086-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

_____

In this case, involving claims between brothers arising from a business relationship gone sour, plaintiff Blaine D. Gunderson filed his original Complaint (docket no. 1) on September 5, 2013, naming as defendants his brother, Brian K. Gunderson, and two companies in which the brothers are allegedly shareholders: Gunderson's Companies, Inc., and Nordic Properties, L.L.C. In his original Complaint, Blaine alleged that he is a "citizen" of the United States and a "resident" of South Sioux City, Nebraska; that Brian is a "citizen" of the United States and a "resident" of South Dakota; that Gunderson's Companies, Inc., is an Iowa corporation doing business primarily in Woodbury County, Iowa; and that Nordic Properties, L.L.C., is a "limited liability company incorporated in the State of South Dakota" and "doing business" in Iowa and South Dakota. In his original Complaint, Blaine invoked diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), and asserted claims of "minority shareholder oppression," "conversion," and "breach of fiduciary responsibility," asserted liability of the defendant companies for Brian's acts, and

sought an accounting and other relief, including dissolution of the defendant companies or their assets, and compensatory and punitive damages.

This case is now before me on the original defendants' October 31, 2013, Motion To Dismiss For Lack Of Subject Matter Jurisdiction (docket no. 7) challenging diversity of citizenship subject matter jurisdiction over Blaine's original Complaint (docket no. 1). Somewhat more specifically, the defendants assert, first, that Nordic Properties' citizenship is not "diverse" from Blaine's, because a limited liability company is a "citizen" of every state where its members—including Blaine—are citizens. The defendants also assert that Blaine has not adequately alleged either the "domicile" or "citizenship" of Brian and Blaine for purposes of diversity jurisdiction, but only that they are "residents" of different states. Although the defendants concede that Brian is "domiciled" in South Dakota and a "citizen" of that state, they dispute whether Blaine is actually "domiciled" in Nebraska—that is, that he has the intent to remain there—rather than simply having moved there temporarily to attempt to manufacture diversity of citizenship, because he had previously been a lifelong citizen of South Dakota.

On November 18, 2013, Blaine filed both an Amended Complaint (docket no. 9) and a Resistance To Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction (docket no. 10). In his Amended Complaint, Blaine expressly alleges that he is a "citizen" of Nebraska and that his "domicile" is there; expressly alleges that Brian is a "citizen" of South Dakota and that his "domicile" is there; reiterates that Gunderson's Companies, Inc., is an Iowa corporation doing business in Iowa; and drops Nordic Properties as a defendant. He then asserts the same claims and seeks the same relief against these defendants as he did in his original Complaint. In his Resistance, Blaine argues that he is allowed to amend his Complaint as of right, because a Rule 12(b) motion to dismiss is not a "responsive pleading" that cuts off a

plaintiff's right to amend his complaint as of right under Rule 15(a) of the Federal Rules of Civil Procedure. He also argues that his Amended Complaint "moots" the defendants' Motion To Dismiss by correcting any deficiencies in the allegations supporting diversity of citizenship of the individual parties and by deleting the purportedly "non-diverse" defendant, Nordic Properties.

The defendants filed no Reply in further support of their Motion To Dismiss. Instead, they filed an Answer To Plaintiff's Amended Complaint And Counterclaim (docket no. 11) on December 9, 2013. Blaine then filed an Answer To The Defendants' Counterclaim (docket no. 12) on December 13, 2013.

Although Blaine was at pains to argue in his Resistance that a Rule 12(b) motion to dismiss is not a "responsive pleading" that cuts off a plaintiff's right to amend a complaint as of right under Rule 15(a), Rule 15(a) was amended in 2009 to resolve any question on this point. Rule 15(a) now provides as follows:

> **(a) Amendments Before Trial.**
>
> > **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> >
> > > **(A)** 21 days after serving it, or
> > >
> > > **(B)** *if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier*.
> >
> > **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> >
> > **(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to

respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

FED. R. CIV. P. 15(a) (emphasis added).[1] Under the amended version of Rule 15(a), which was effective well before Blaine filed his original Complaint, his Amended

---

[1] As the Advisory Committee Notes to the 2009 amendments explain,

> Rule 15(a)(1) is amended to make three changes in the time allowed to make one amendment as a matter of course.
>
> Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. Serving a responsive pleading terminated the right to amend. Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a "pleading" as defined in Rule 7. The right to amend survived beyond decision of the motion unless the decision expressly cut off the right to amend.
>
> The distinction drawn in former Rule 15(a) is changed in two ways. First, the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.
>
> Second, the right to amend once as a matter of course is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader

(Footnote continued . . .

Complaint, filed eighteen days after service of the defendants' Rule 12(b)(1) motion to dismiss, was a timely amendment "as a matter of course" that required no leave of court. FED. R. CIV. P. 15(a)(1)(B).

The next question is whether Blaine's amended allegations are sufficient to allege diversity of citizenship under 28 U.S.C. § 1332(a), where I "'must accept all factual

---

> that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits one amendment as a matter of course in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.
>
> The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period.
>
> Finally, amended Rule 15(a)(1) extends from 20 to 21 days the period to amend a pleading to which no responsive pleading is allowed and omits the provision that cuts off the right if the action is on the trial calendar. Rule 40 no longer refers to a trial calendar, and many courts have abandoned formal trial calendars. It is more effective to rely on scheduling orders or other pretrial directions to establish time limits for amendment in the few situations that otherwise might allow one amendment as a matter of course at a time that would disrupt trial preparations. Leave to amend still can be sought under Rule 15(a)(2), or at and after trial under Rule 15(b).

FED. R. CIV. P. 15, Advisory Committee Comments, 2009 Amendments (footnote omitted).

allegations in the pleadings as true and view them in the light most favorable to the nonmoving party'" on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *A.J. ex rel. Dixon v. UNUM*, 696 N.W.2d 788, 789 (8th Cir. 2012) (quoting *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010)). As to the nature of the "diversity" requirement, the Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (citations omitted). "Complete diversity" did not exist in the case of Blaine's original Complaint, because, assuming that he adequately alleged that he was a "citizen" of Nebraska, Nordic Properties, a limited liability company of which Blaine was a member, was also a "citizen" of Nebraska, because "[a]n L.L.C.'s citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Blaine's allegations in his original Complaint of "diversity" of citizenship between himself and Brian were also inadequate. To allege "citizenship" of an individual, a plaintiff must allege each individual's "domicile," which requires the intent to stay in the state; merely alleging where the individual parties "reside" is insufficient, because it does not indicate intent to remain. *See Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997).

I agree with Blaine, however, that he has now remedied these deficiencies in his Amended Complaint, mooting the defendants' Motion To Dismiss. Blaine has dropped Nordic Properties, the non-diverse limited liability company, as a defendant—and argues in his Resistance that Nordic Properties is not a necessary party to this action. He has also alleged the "domicile" of each of the individual parties, Brian's in South

6

Dakota and his in Nebraska, including an express allegation that he "intends to remain" in Nebraska "indefinitely." *See* Amended Complaint, ¶ 3. I must take these allegations as true for purposes of a Rule 12(b)(1) motion. *A.J. ex rel. Dixon*, 696 N.W.2d at 789. I believe that I may also construe the defendants' filing of an Answer and Counterclaim to Blaine's Amended Complaint as conceding the adequacy of Blaine's allegations of diversity of citizenship in his Amended Complaint. This is so, notwithstanding their denial in their Answer of the paragraphs of Blaine's Amended Complaint alleging that diversity jurisdiction is proper based on diversity of citizenship and amount in controversy and Blaine's allegations of his "domicile" and "citizenship" in Nebraska. The defendants have filed their Answer, without waiting for a ruling on their Motion To Dismiss and without reiterating their Motion To Dismiss as to the Amended Complaint, and they have asserted a state-law counterclaim of "conversion," without alleging any separate basis for subject matter jurisdiction.

THEREFORE, the defendants' October 31, 2013, Motion To Dismiss For Lack Of Subject Matter Jurisdiction (docket no. 7) is **denied as moot**.

**IT IS SO ORDERED**.

**DATED** this 7th day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA